## COMMONWEALTH vs. JOHN LOUD.

A prior conviction by judgment before a justice of the peace, and a performance of the sentence pursuant to the judgment, constitute a bar to an indictment for the same offence, although the complaint, on which the justice proceeded, was so defective that his judgment might have been reversed for error.

THE defendant was tried in the court of common pleas, before *Warren*, J. on an indictment found at April term 1841, charging him with feloniously stealing, &c. certain lumber. After the testimony against him had been introduced, and the judge had instructed the jury, that the testimony, if believed by them, proved a larceny, the defendant proposed to prove a prior conviction of the same offence, as a bar to this indictment ; and offered, for that purpose, a record of certain proceedings before a justice of the peace in and for this county. On inspecting that record, it appeared that L. H. Loud, in January 1841, presented a complaint to said justice, in which he alleged that on the 10th of August 1840, certain lumber [admitted to be the same that was described in the indictment] was feloniously taken, stolen and carried away, and that the complainant *had probable cause to suspect, and did suspect*, that the defendant did feloniously take, steal and carry away the same ; that the said justice thereupon issued a warrant against the defendant, on which the defendant was carried before the justice and arraigned ; that the defendant pleaded that he was not guilty, and that, after a full hearing, the justice found him guilty and imposed on him a fine of ten dollars, with costs of prosecution.

It was proved or admitted that the defendant paid the said fine and costs.

The judge ruled, that said proceedings did not constitute a bar to this prosecution, and the jury found the defendant guilty. To this ruling the defendant excepted.

*Hallett & Kingsbury,* for the defendant.

*Austin,* (Attorney General,) for the Commonwealth.

PUTNAM, J.   This case comes before us on exceptions to the ruling of the court of common pleas, and we decide it on the last which appears to be made, namely, that the defendant offered to prove the record and proceedings of a prior conviction for the same offence, before a justice of the peace, as a bar, but that the court ruled that the same did not constitute a bar to this prosecution.   And the attorney general admits that this case is to be taken and considered by the court, as if that plea had been formally made with proper averments ; that the larceny of which the defendant was convicted was of the same property for the stealing of which he has been again indicted and convicted ; and that the defendant submitted to the former judgment, and performed the sentence.   But it is contended for the Commonwealth, that the supposed former conviction was not only erroneous, but was merely void.

In the case of *Commonwealth v. Phillips,* 16 Pick. 211, it was held, that a conviction, on a complaint in similar form to that which was used in the case at bar, was erroneous ; and the judgment was arrested.   The defendant excepted to that judgment, as he well might.   But in the case at bar, the defendant waived any exception to the judgment, complaint, proceedings, or sentence ; and he has performed the sentence.

The Commonwealth now desire to have those proceedings held for nothing, so that, by an indictment in technical and legal form, the defendant may be again tried and punished for the same offence of which he has been informally convicted.   We cannot think that those proceedings before the magistrate were merely void.   On the contrary, it is reasonable to believe, that the complainant intended to prosecute for a larceny.   The defendant understood it so, and so did the magistrate.   Now the judgment that the defendant was guilty, although upon proceedings which were erroneous, is good until the same be reversed

This rule of criminal law is well settled. It was the right and privilege of the defendant to bring a writ of error, and reverse that judgment ; which writ would have been sustained by the case before cited of *Commonwealth* v. *Phillips* ; but he might well waive the error and submit to and perform the judgment and sentence, without danger of being subjected to another conviction and punishment for the same offence. *Vaux's case,* 4 Co. 45. 2 Hale P. C. 251. 2 Hawk. *c.* 36, § 10, *et seq.* 1 Stark. Crim. Pl. (2d ed.) 329, 330.

The evidence which was offered, we think, constituted a good defence to the indictment. The bill of exceptions is sustained. Therefore the verdict should be set aside, and the defendant should go thereof discharged, without day.